### KELLER *et al. v.* OGSBURY.

(*Supreme Court, General Term, Fourth Department.* November, 1888.)

INJUNCTION—PLEADING AND EVIDENCE—WASTE BY EXECUTORS.

An executrix was entitled by the will to the possession of realty as personalty, and had power to sell in such parcels as seemed to her best. A complaint, seeking to enjoin her from cutting and selling timber, alleged that it was very doubtful whether there was sufficient property to pay plaintiffs' legacies after paying prior ones, and that the cutting and sale of the timber had reduced the value of the land, and made more doubtful the sufficiency of the estate to pay such legacies. It was not alleged that the timber was sold for less than its value, or that the proceeds had been improperly disposed of, or that the estate had lost thereby, or that defendant was insolvent; but the allegations tended to show her ability to respond for any damage to the estate. *Held,* that the complaint showed no ground for an injunction.

Appeal from special term, Jefferson county.

Action by Mary Ann Keller and Irene E. Miller against Susan Ogsbury. Plaintiffs appeal.

Argued before HARDIN, P. J., and FOLLETT and MARTIN, JJ.

*Elon R. Brown,* for appellants. *Watson M. Rogers,* for respondent.

MARTIN, J. The principal relief sought by this action was to perpetually enjoin the defendant from cutting and selling the timber upon the lands described in the complaint, which were a part of the estate of which the defendant's testator died possessed. On the trial, the plaintiffs' complaint was dismissed, with costs, on the ground that it did not state facts sufficient to constitute a cause of action. In the case of *Ogsbury* v. *Ogsbury,* 45 Hun, 388, it was held by this court that the will of the defendant's testator (which is set out and forms a part of the plaintiffs' complaint herein) effected a conversion of all of his realty, not specifically devised, into personalty, and that the defendant in this action, as sole executrix of the last will and testament of her testator, was entitled to the possession of such realty as personalty. Hence it is clear that the plaintiffs are not tenants in common of the lands described, but that such lands form a part of the assets in the hands of the defendant

as executrix, from which the debts of the testator and the legacies given by his will are to be paid.

While it may be that, in a proper case, and upon a complaint containing proper and sufficient allegations to require the action of a court of equity, the court might enjoin an executor from wasting the assets in his hands where it would impair the rights of a legatee, yet in this case we think the averments in the complaint are insufficient to constitute a cause of action for that purpose. The plaintiffs' complaint contains no sufficient allegation that the defendant's action in cutting and selling the timber in question has or will impair or endanger their rights as legatees. The most they allege is that it is very doubtful whether there is sufficient property of the estate to pay their legacies after paying the prior legacies given by the will, and that the cutting and sale of the timber thereon has reduced the value of the farm, and made more doubtful the sufficiency of the estate to pay their legacies. There is no sufficient allegation that the cutting of the timber complained of has reduced the value of the estate in defendant's hands. The allegation is that the defendant has already disposed of timber of the value of $800, which has reduced the value of the farm by that amount. There is no allegation that she has sold the timber cut for less than its value, or that she has improperly disposed of the proceeds; nor do they allege that any loss to the estate has arisen from such sale. Moreover, by the seventh clause of the testator's will the defendant is given full power to sell this land in such portions or parcels as to her shall seem best or most profitable.

There is no allegation in the complaint that the defendant is insolvent, but, on the contrary, the allegations of the complaint, which includes the testator's will, tend to show quite clearly that the defendant is abundantly able to respond to plaintiffs in any legal action or proceeding that may be instituted for any damage they may sustain by reason of any wrongful act she may perform in the administration of this estate. It is an established principle that a court of equity will not lend its aid to restrain an act by injunction where the party seeking such relief has an adequate remedy at law. It is only where the injury is irreparable, and not susceptible of being adequately compensated by damages, that a court of equity will interfere.

We think the allegations in the plaintiffs' complaint were insufficient to entitle the plaintiffs to the relief sought; and that the court below properly dismissed the action upon the ground that the complaint did not state facts sufficient to constitute a cause of action. Judgment affirmed, with costs.

All concur.